UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tangela Anita Harris, ) | C/A No. 8:11-1303-HMH-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **Report and Recommendation** |
| Progressive Casualty Insurance Company, ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

### *Background of this Case*

Plaintiff is a resident of Greenwood, South Carolina. Defendant is an Ohio insurance company authorized to write polices in South Carolina. This civil rights action arises out of Plaintiff's arrest on December 2, 2004, for driving without insurance. Plaintiff actually had a valid policy with Defendant, but Defendant had not provided updated information with respect to Plaintiff's SR-22 coverage. Plaintiff provided proof of insurance to the Magistrate Court for Greenwood County, and the charge was resolved in Plaintiff's favor on January 5, 2005.

### *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro*

*se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even when considered under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Although complete diversity of parties exists in this case, the above-captioned case is not timely. As earlier stated, the above-captioned case arises out of Plaintiff's arrest for driving without insurance on December 2, 2004. Plaintiff received a favorable termination of the charge on January 4, 2005, in the Greenwood Magistrate Court (ECF No. 1-1, at pages 4-6). Moreover, the insurance policy in question was in effect from November 1, 2004, to May 1, 2005.

In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530 (Westlaw 2011), which establishes a three-year limitations period for causes of action arising on or after April 5, 1988. South Carolina's three-year statute of limitations is applicable to Plaintiff's civil rights claims of false imprisonment. *See Huffman v. Tuten*, 446 F. Supp. 2d 455, 468-70 (D.S.C. 2006). Moreover, S.C. Code Ann. § 15-3-530(8) specifically sets a three-year limitations for "an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this

2

State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding[.]"

As a result, Plaintiff needed to bring an action based on civil rights violations relating to her imprisonment by January 5, 2008, *Heck v. Humphrey*, 512 U.S. 477 (1994), and on false arrest claims within three years of her actual arrest on December 2, 2004. *Wallace v. Kato*, 549 U.S. 384 (2007) (*Heck v. Humphrey*, 512 U.S. 477 (1994), not applicable to pre-trial detainees raising false arrest claims). Since the insurance policy expired on May 1, 2005, a suit relating to the policy brought under South Carolina law should have been initiated by May 1, 2008. S.C. Code Ann. § 15-3-530(8).

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is normally an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (*citing Todd v. Baskerville*; and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding [sic] a

complaint frivolous."). (citation omitted)).  *See also Finley v. Conroy*, Civil Action No. 6:11-196-HFF-KFM, 2011 WL 1429035 (D.S.C. March 16, 2011) (magistrate judge's Report and Recommendation), *adopted*, 2011 WL 1447557 (D.S.C. April 14, 2011).

Insofar as Plaintiff is seeking a determination that Defendant committed a crime, such as mail fraud, Plaintiff does not have standing to seek such a determination. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); and *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases). Moreover, this Court cannot issue an advisory opinion relating to Defendant's actions.  *FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process.  Plaintiff's attention is directed to the Notice on the next page.

June 2, 2011                                                             s/Kevin F. McDonald
Greenville, South Carolina                                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).