IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tangela Anita Harris, ) | |
| ) | C.A. No. 8:11-1303-HMH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Progressive Casualty Insurance Company, ) | |
| ) | |
| Defendant. ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Tangela Anita Harris ("Harris"), proceeding pro se, commenced this civil action against Progressive Casualty Insurance Company ("Progressive"), alleging violations of her civil rights arising out of her December 2, 2004 arrest for driving without insurance.  Magistrate Judge McDonald found Harris' complaint time-barred under South Carolina's three-year statute of limitations, and therefore, he recommends that it be dismissed without prejudice and without service of process.  Harris filed objections to the Report and Recommendation on June 17, 2011.

  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Harris' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate her claims.  The court, however, was able to glean three specific objections.

Harris first contends that it is improper for the court to dismiss her complaint sua sponte as untimely because the statute of limitations is an affirmative defense that must be pled and proven by the defendant.  (Objections 6, 7, 10.)  The court disagrees.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), district courts are obliged to screen an in forma pauperis complaint and dismiss an action that is frivolous or fails to state a claim upon which relief can be granted.  The Fourth Circuit has held that when reviewing complaints under § 1915, district courts are authorized to "consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such a defense."  Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006).  Harris' objection, therefore, is without merit.

Harris next argues that the magistrate judge erroneously applied the South Carolina statute of limitations to ascertain the timeliness of her complaint, contending that federal law governs the limitations period.  (Objections 10-12.)  It is well established, however, that federal courts determine the timeliness of federal civil rights suits by application of state law.  Burnett v. Grattan, 468 U.S. 42, 49 (1984).  Moreover, the timeliness of actions arising under 42 U.S.C. § 1983 are measured by examining a state's statute of limitations for personal injury actions.

Wallace v. Kato, 594 U.S. 384, 387 (2007).  Because South Carolina imposes a three-year statute of limitations period for personal injury actions, S.C. Code Ann. § 15-3-530, Harris' civil rights claims arising out of her arrest and imprisonment are subject to a three-year statute of limitations.

Harris alternatively argues that her instant complaint is timely because it relates back to her complaint in a previous action filed with this court on May 22, 2009.  Harris v. Progressive N. Insur., C.A. No. 8:09-1341-HMH-WMC.  This argument, however, is without merit.  Harris was arrested for driving without insurance on December 2, 2004, and those charges were terminated by the Greenwood Magistrate Court on January 4, 2005.  (Compl. 8.)  Harris' policy with Progressive expired May 1, 2005.  (Report & Recommendation 2.)  Therefore, even assuming the instant action related back to her May 22, 2009 complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, the action would still be barred under South Carolina's three-year statute of limitations.[2]

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

---

[2] In Harris' previous action, the court determined that it lacked subject matter jurisdiction and dismissed the case without prejudice and without issuance and service of process. Harris, 2009 WL 1917209, at **1, 5 (D.S.C. July 1, 2009) (unpublished).  Consequently, the court declined to address the timeliness of the action.  Id. at *4.

It is therefore

**ORDERED** that Harris' complaint is dismissed without prejudice and without service of process.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
June 27, 2011

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.